BLISS, Respondent, vs. ROSENKRANS, Appellant.

*September 12—October 3, 1905.*

*Appeal and error: Failure to file record: Imposition of terms: Undertaking: Insufficient justification of sureties: Dismissal of appeal.*

1. A motion to dismiss an appeal because the record has not been filed in time can be met by the imposition of terms where the record is filed when the motion is heard.
2. Under sec. 3065, Stats. 1898 (providing that an undertaking on an appeal shall be of no effect unless it shall be accompanied by the affidavit of the sureties, in which each surety shall state that he is worth a certain sum mentioned, which sum so sworn to shall, in the aggregate, be double the amount specified in said undertaking), an undertaking that the appellant will pay costs and damages awarded against him on appeal not exceeding $250, and that he would pay a judgment of $394 if affirmed, to which was annexed justification of sureties worth $788 in the aggregate according to their affidavits, does not comply with the statutory requirements, and the appeal will be dismissed.

Bliss v. Rosenkrans, 125 Wis. 532.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Dismissed.*

Defendant appealed from a judgment against him in the sum of $394. The only undertaking served was to the effect that the appellant would pay costs and damages awarded against him on appeal, not exceeding $250, and that he would pay the judgment if affirmed. It was signed by two sureties, each of whom made affidavit that he was worth the sum of $394. Respondent moves to dismiss the appeal, first, because the record was not filed in time, and, secondly, because no undertaking satisfying the statute was served.

*S. F. Wetzler,* for the motion.

*A. H. Blatchley,* contra.

DODGE, J. The first ground urged for dismissal could be met by imposition of terms, since the record has now been filed; but the second ground of motion seems to us insuperable. Sec. 3065, Stats. 1898, provides:

"An undertaking upon an appeal shall be of no effect unless it shall be accompanied by the affidavit of the sureties, in which each surety shall state that he is worth a certain sum mentioned, . . . and which sums so sworn to shall, in the aggregate, be double the amount specified in said undertaking."

The amount specified in the undertaking is the aggregate of $250 limitation on costs and damages upon appeal and the face of the $394 judgment in the court below, or $644. The aggregate worth of the two sureties, according to their affidavits, is $788, which falls far short of double the amount specified in the undertaking. For this reason the appeal must be dismissed.

*By the Court.*—So ordered.